Case 2:22-cv-00275   Document 13   Filed on 01/17/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH A. STANFORD, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00275 |
| § | |
| BILL GATES, *et al.*, § | |
| § | |
| Defendants. § | |

**OPINION DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff is appearing *pro se* and *in forma pauperis.* He filed this civil action alleging nonsensical and incoherent claims against Bill Gates and other corporate defendants. The undersigned has submitted a written recommendation to dismiss to the presiding United States District Judge. (DE. 11). Pending is Plaintiff's motion for appointment of counsel. (D.E. 3). No constitutional right to appointment of counsel exists in civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3)

> whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time.

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 3), is **DENIED.**

ORDERED on January 17, 2023.

Jason B. Libby
United States Magistrate Judge